UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mfon Udoeyop,

        Plaintiff,

v.                                                    Civil No. 08-4743 (JNE/JJK)
                                                           ORDER

Accessible Space, Inc.,

        Defendant.

---

Ferdinand F. Peters, Esq., Ferdinand F. Peters Law Firm, appeared for Plaintiff Mfon Udoeyop.

Susanne J. Fischer, Esq., Moss & Barnett, P.A., appeared for Defendant Accessible Space, Inc.

---

Mfon Udoeyop claims that her former employer, Accessible Space, Inc., violated Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act (MHRA) by discriminating against her on the basis of her national origin and retaliating against her. She also claims that Accessible Space violated Minnesota's whistleblower statute. The case is before the Court on Accessible Space's motion to dismiss the Title VII and MHRA claims. For the reasons set forth below, the Court grants the motion.

### I.    BACKGROUND

The Court summarizes the factual allegations of Udoeyop's Complaint. Udoeyop is a native of Nigeria. She moved to the United States in 2003 and started to work for Accessible Space in September 2006 as a resident assistant at an assisted-living facility known as the Montreal location. During her employment, she complained to Accessible Space about the quality of care provided at the Montreal location.

On October 23, 2007, Udoeyop's supervisor informed Udoeyop that a resident at the Montreal location had made allegations about her, that she had to leave work immediately, and that she had to meet with Accessible Space's Employment Administrator the next day.

On October 24, 2007, Udoeyop met the Employment Administrator, Alan Hooker.  He informed her that a resident at the Montreal location had made allegations about her.  Specifically, the resident alleged that Udoeyop had been involved in an inappropriate romantic relationship with the resident.  Udoeyop denied the allegations, and Hooker threatened to call the U.S. Citizenship and Immigration Services, the State of Minnesota, and other government entities to investigate if she did not admit the allegations.  Udoeyop continued to deny the allegations.  Hooker told her that she would not be able to return to work until completion of the investigation.  Udoeyop left the meeting in tears.  Later that day, Udoeyop called Hooker and asked whether she could have an attorney because his threats and allegations were serious and unfair.  Hooker responded that Udoeyop had quit and that he was preparing her termination letter.  Udoeyop claims that Hooker's assertion that she quit is false.  A few days later, she received the termination letter.

## II.   DISCUSSION

When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true the non-moving party's factual allegations and grant[s] the non-moving party all reasonable inferences from the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, No. 07-1813, 2008 WL 4489667, at *1 (8th Cir. Oct. 8, 2008).  "[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  Instead, the "ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at

511. A complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (citations and footnote omitted).

**A.     Discrimination**

Udoeyop claims that Accessible Space discriminated against her on the basis of her national origin in violation of Title VII and the MHRA. The parties do not separately argue the Title VII and MHRA discrimination claims.

Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1) (2000). In Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973).

The MHRA states that "it is an unfair employment practice for an employer, because of . . . national origin . . . to" "discharge an employee" or "discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of

3

employment." Minn. Stat. § 363A.08, subd. 2 (2006). The MHRA defines "national origin" as "the place of birth of an individual or of any of the individual's lineal ancestors." Minn. Stat. § 363A.03, subd. 25.

The parties dispute whether Udoeyop alleged sufficient facts to support her claims of discrimination based on national origin. In her Complaint, Udoeyop alleges that Hooker threatened to call the U.S. Citizenship and Immigration Services during their meeting on October 24. In her memorandum of law in opposition to Accessible Space's motion, Udoeyop asserts that Hooker is a "bigot" who considered her "immigrant status" while investigating the allegations against her of sexual impropriety and that Hooker's alleged bigotry "infected" Accessible Space's decision to terminate her employment. The alleged consideration of Udoeyop's immigrant status does not support Udoeyop's discrimination claims because "nothing in [Title VII] makes it illegal to discriminate on the basis of citizenship or alienage." *Espinoza*, 414 U.S. at 95; *see, e.g.*, *Ventress v. Japan Airlines*, 486 F.3d 1111, 1116 n.5 (9th Cir. 2007); *Nair v. Nicholson*, 464 F.3d 766, 767 (7th Cir. 2006); *EEOC v. Technocrest Sys., Inc.*, 448 F.3d 1035, 1039 (8th Cir. 2006). Although "there may be many situations where discrimination on the basis of citizenship would have the effect of discriminating on the basis of national origin," *Espinoza*, 414 U.S. at 92, Udoeyop alleges no facts that suggest Hooker considered her immigrant status to discriminate against her based on her national origin. Accordingly, the Court dismisses her discrimination claims.

**B.   Retaliation**

Udoeyop alleges that Accessible Space retaliated against her in violation of Title VII and the MHRA. The parties do not separately argue the Title VII and MHRA retaliation claims. Title VII states that it is "an unlawful employment practice for an employer to discriminate

against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a) (2000).  Similarly, the MHRA states that it is "an unfair discriminatory practice for any . . . employer . . . to intentionally engage in any reprisal against any person because that person [o]pposed a practice forbidden under this chapter."  Minn. Stat. § 363A.15 (2006).

The opposition clause of Title VII "shields an employee against discrimination because he has opposed a practice made unlawful by Title VII."  *Barker v. Mo. Dep't of Corr.*, 513 F.3d 831, 834 (8th Cir. 2008).  "In general, as long as a plaintiff had a reasonable, good faith belief that there were grounds for a claim of discrimination or harassment, the success or failure of a retaliation claim is analytically divorced from the merits of the underlying discrimination or harassment claim."  *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1118 (8th Cir. 2006); *see Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000).  The reasonableness of a belief is analyzed in light of the applicable substantive law.  *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1214 (11th Cir. 2008); *Brannum v. Mo. Dep't of Corr.*, 518 F.3d 542, 549 (8th Cir. 2008).

Accessible Space asserts that Udoeyop failed to allege her opposition to a practice made unlawful by Title VII or the MHRA.  Udoeyop contends that she opposed Accessible Space's unlawful consideration of her national origin in connection with an employment decision about her.  Notwithstanding her contention, Udoeyop alleges, at most, opposition to Accessible Space's consideration of her citizenship.  Because Title VII does not prohibit discrimination based on citizenship, Udoeyop failed to state a claim for retaliation under Title VII or the MHRA.  *See Magyar v. Saint Joseph Reg'l Med. Ctr.*, No. 07-2197, 2008 WL 4182647, at *4 (7th Cir. Sept.

5

12, 2008); *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 706-07 (7th Cir. 2000).

**C.     Amendments**

At the motion hearing, Udoeyop articulated potential amendments to her Complaint.  If Udoeyop wishes to amend her Complaint, she shall file and serve a motion to amend within twenty days of the date of this Order.

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Accessible Space's motion to dismiss [Docket No. 6] is GRANTED.

2. Udoeyop's claims under Title VII and the MHRA are DISMISSED.

3. Udoeyop shall file and serve a motion to amend within twenty days of the date of this Order if she wishes to amend her Complaint.

Dated:  October 21, 2008

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge